In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-148 CV


____________________



MADELINE D. WILLIS, Appellant



V.



ROY D. CANTRELL, AMANDA M. CANTRELL, TROY D. CANTRELL,


AND STACY L. CANTRELL, Appellees






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. CV 68570






MEMORANDUM OPINION


 Madeline D. Willis appeals a summary judgment she obtained as the plaintiff in the
court below. Presenting three issues, Willis complains that the trial court improperly
excluded two of the four defendants from the judgment, that the trial court erred in
granting judgment for attorney's fees in an amount less than that requested in her motion
for summary judgment, and that the trial court erred by denying her motion to withdraw
funds on deposit as security for the temporary injunction. We hold the judgment is not
final, and dismiss the appeal.

 Willis filed a suit for permanent injunction, declaration of easement, and conversion
of personal property against Roy D. Cantrell, Amanda M. Cantrell, Troy D. Cantrell, and
Stacy L. Cantrell. Willis alleged property owned by Roy and Amanda Cantrell is subject
to an express easement in favor of owners of property in the T. & N.O. Farm Lot Survey, 
that Troy and Stacy Cantrell own property in the T. & N.O. Farm Lot Survey No. 74 that
is subject to all valid easements, and that the four defendants interfered with Willis's right
of ingress and egress to her real property in the T. & N.O. Farm Lot Survey. Willis also
alleged that the four defendants converted a gate located at the entrance to her property. 
She sought attorney's fees pursuant to Section 37.009 and 38.001 of the Civil Practice and
Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. §§ 37.009, 38.001 (Vernon
1997). After the four defendants filed pro se answers to the petition, Willis moved for
summary judgment. See Tex. R. Civ. P. 166a (c). The trial court granted summary
judgment on Willis's claims against Roy and Amanda Cantrell, and awarded $2,000 in
attorney's fees, but the trial court manually excised all portions of the judgment that
referred to Troy and Stacy Cantrell and the judgment is silent as to the plaintiff's claims
against those two defendants. The judgment recites that "[a]ll other relief not expressly
granted herein is denied" but does not otherwise indicate the trial court intended to dispose
of all issues and parties in the case. 


 "[A] judgment issued without a conventional trial is final for purposes of appeal if
and only if either it actually disposes of all claims and parties then before the court,
regardless of its language, or it states with unmistakable clarity that it is a final judgment
as to all claims and all parties." Lehmann v. Har-Con Corp., 39 S.W.3d 191, 192 (Tex.
2001). The judgment in this case does not dispose of Willis's claims against Troy D.
Cantrell and Stacy L. Cantrell. Because it cannot be taken to indicate finality a "Mother
Hubbard" clause does not make an otherwise interlocutory summary judgment final. Id.
at 192. When a case is tried without a conventional trial on the merits, there is no
presumption of finality and "an order or judgment is not final for purposes of appeal unless
it actually disposes of every pending claim and party or unless it clearly and unequivocally
states that it finally disposes of all claims and all parties." Id. at 205. 

 We hold the summary judgment is an interlocutory judgment from which no appeal
may be taken absent severance or disposition of the remaining issues and parties.
Accordingly, we dismiss the appeal for want of jurisdiction.

 APPEAL DISMISSED.


 _____________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on September 8, 2005

Opinion Delivered October 20, 2005


Before McKeithen, C.J., Gaultney and Horton, JJ.